**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:11-CR-113 |
| | § | |
| FLORIBERTO ESPINOZA-SOSA | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 2, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Ernest Gonzalez.

On September 25, 2012, Defendant was sentenced by the Honorable United States District Judge Marcia A. Crone of the Eastern District of Texas to forty (40) months imprisonment followed by a four (4) year term of supervised release for the offense of Conspiracy to Possess with Intent to Distribute Cocaine.

On March 21, 2014, Defendant completed his period of imprisonment and began service of his term of supervised release.

On November 16, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 57 Sealed]. The Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (1) Defendant shall not commit

REPORT AND RECOMMENDATION – Page 1

another federal, state, or local crime; and (2) as a condition of supervised release, immediately upon release from confinement, the Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. §1101, et seq. If ordered deported, the Defendant shall remain outside the United States. In the event the Defendant is not deported, or for any reason re-enters the country after having been deported, the Defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country.

The Petition alleges that Defendant committed the following acts: (1) On April 7, 2014, the defendant was formally deported/excluded from the United States. On an unknown date, after April 7, 2014, the Defendant failed to remain outside the U.S. and committed the offense of Reentry of Deported Alien as evidenced by his arrest in Dallas, Texas on October 19, 2015, for Dallas County warrants F-1472032 and F-1472144. As alleged by Dallas County District Court case number F-1472032, on or about August 24, 2014, the Defendant committed the offense of Aggravated Assault, a 2nd degree felony. As alleged by Dallas County District Court case number F-1472144, on or about August 10, 2014, the Defendant committed the offense of Assault Family Violence Impede Breathing/Circulation, a 3rd degree felony. Both cases remain pending in Dallas County; and (2) Defendant failed to report to the nearest U.S. Probation Office within 72 hours of his reentry to the United States.

Prior to the Government putting on its case, Defendant entered a plea of true to the two (2) allegations of the Petition, specifically that Defendant, as alleged by Dallas County District Court case number F-1472032, on or about August 24, 2014, committed the offense of Aggravated Assault, a 2nd degree felony. Further, as alleged by Dallas County

District Court case number F-1472144, on or about August 10, 2014, the Defendant committed the offense of Assault Family Violence Impede Breathing/Circulation, a 3rd degree felony. Both cases remain pending in Dallas County. The Defendant pleads true that he failed to report to the nearest U.S. Probation Office within 72 hours of his reentry to the United States. The Defendant will not plead true to any allegation that he re-entered the United States illegally.

The Court finds that Defendant did violate his conditions of supervised release by committing the allegations listed herein. Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Seagoville facility, if appropriate.

**SIGNED this 3rd day of December, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE